Filed 5/18/15  P. v. Koonce CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>D'MICKY MARVELL KOONCE,<br><br>    Defendant and Appellant. | F068581<br><br>(Kings Super. Ct. No. 13CM3525)<br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kings County.  Steven D. Barnes, Judge.

Katharine Eileen Greenebaum, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P.J., Poochigian, J. and Smith, J.

## INTRODUCTION

Appellant/defendant D'Micky Marvell Koonce pleaded guilty to second degree robbery and misdemeanor resisting arrest, and was sentenced to the second strike term of six years. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS

Around 9:50 p.m. on July 13, 2013, six or seven juvenile males entered the Save Mart grocery store in Lemoore, huddled around the liquor shelves, grabbed liquor bottles, and ran toward one of the store's two exits. The store's manager followed them. As they reached the door, the juveniles realized it was locked and headed to the second exit. The manager ran to the side and stood in front of the door to stop them. The manager recognized defendant as one of the juveniles – based on prior contacts with him.

Defendant was carrying two bottles of liquor as he headed for the door. He reached out and hit the manager in the left eye with his closed fist, ran out of the store, and dropped one of the bottles. The rest of the group escaped behind him except for one juvenile who was detained. The manager felt dazed by the blow, but he did not require medical attention.

Officer Brandon Cooper reviewed the store's surveillance videotape and recognized defendant and the other juveniles from his work at Lemoore High School.

On the evening of August 8, 2013, Officer Johns saw defendant and attempted to speak to him about the grocery store incident. Johns tried to contact defendant, but defendant jumped a fence and ran away. Defendant was later located in the area.

### Procedural History

On November 1, 2013, an amended information was filed in the Superior Court of Kings County charging defendant with count I, robbery (Pen. Code, § 211);[1] count II,

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2.

commercial burglary (§ 459); count III, active participation in a criminal street gang (§ 186.22, subd. (a)); and count IV, misdemeanor resisting an officer (§ 148, subd. (a)(1)), with the gang enhancement alleged as to counts I, II, and III (§ 186.22, subd. (b)(1)).  It was alleged defendant had one prior strike (§ 667, subds. (b)–(i)), based on a juvenile adjudication for knowingly and maliciously dissuading a witness by force in 2012 (§ 136.1, subd. (c)), and that he was a minor, but at least 16 years old, when he committed the offenses (Welf. & Inst. Code, § 707, subd. (d)(1)).[2]

On the same day, defendant pleaded guilty to count I, second degree robbery, and count IV, misdemeanor resisting an officer, and admitted the prior conviction and the Welfare and Institutions Code section 707, subdivision (d)(1) allegation, pursuant to an agreement that left the court with sentencing discretion.  The remaining charges and gang enhancements were dismissed.

On December 4, 2013, the court imposed the midterm of three years, doubled to six years as the second strike sentence, with a concurrent term for count IV.

On December 13, 2013, defendant filed a timely notice of appeal; he did not request or obtain a certificate of probable cause.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court.  The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court.  By letter on April 10, 2014, we invited defendant to submit additional briefing.  To date, he has not done so.

---

[2] At the preliminary hearing, a gang expert testified defendant had previously been ordered to register as a gang member, he claimed membership in the Lemoore Gangster Crips, and three of the juveniles who were in the store with him were known members of the same gang.  According to the probation report, defendant had an extensive juvenile record, and he was on active juvenile probation when he committed the instant offense.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.